Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

MIDDLE District of FLORIDA

JACKSONVILLE Division

|  |  |  |
|---|---|---|
| WILLIAM EDWARD WELLS III | ) | Case No.  3:24-CV-532 |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) ) | |
| -v- | ) ) ) ) ) | |
| JOHN PALMER, BARRY REDDISH, KEVIN TOMLINSON, MICHELLE NIPPER | ) ) ) | |
| *Defendant(s)* | ) ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | | |

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: WILLIAM EDWARD WELLS III
   All other names by which you have been known:
   ID Number: 326252
   Current Institution: UNION
   Address: PO BOX 1000
   RAIFORD        FL        32083
   *City*         *State*   *Zip Code*

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
      Name: JOHN PALMER
      Job or Title *(if known)*: REGIONAL DIRECTOR
      Shield Number: REGION 2
      Employer: FLORIDA DEPARTMENT OF CORRECTIONS
      Address: 7763 S. CR231
      LAKE BUTLER    FL        32399
      *City*         *State*   *Zip Code*
      ☒ Individual capacity   ☒ Official capacity

   Defendant No. 2
      Name: BARRY REDDISH
      Job or Title *(if known)*: UNION CI WARDEN
      Shield Number:
      Employer: FLORIDA DEPARTMENT OF CORRECTIONS
      Address: 25636 FL-16
      RAIFORD        FL        32083
      *City*         *State*   *Zip Code*
      ☒ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

  Defendant No. 3
   Name         KEVIN TOMLINSON
   Job or Title *(if known)*  ASSISTANT WARDEN UNION CI
   Shield Number
   Employer       FLORIDA DEPARTMENT OF CORRECTIONS
   Address        25636 FL-16
              RAIFORD    FL    32083
               *City*       *State*    *Zip Code*
             ☒ Individual capacity ☒ Official capacity

  Defendant No. 4
   Name          MICHELLE NIPPER
   Job or Title *(if known)*  COLONEL, HEAD OF SECURITY
   Shield Number
   Employer       FLORIDA DEPARTMENT OF CORRECTIONS
   Address
              25636 FL-16    FL    32083
               *City*       *State*    *Zip Code*
             ☒ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

  A. Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

  B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

On his 8/2/2021 arrival at Union CI's Death Row, Plaintiff was housed in a 6x8, windowless, "Heightened Security" cell behind a steel door in a Disciplinary Confinement Unit, though he had committed no disciplinary infractions. DOC policy placed those sentenced to death in open barred cells with proper ventilation which also afforded some verbal communication with other inmates. Contact visitation and recreation twice a week in an open space were restored even to inmates formerly deprived of such privileges as long as they remained "DR-free". Shortly after Plaintiff's arrival there, the 2017-cv-00820-MMH-PDB class-action Complaint was settled granting all Death Row inmates who were not serving DC time, some relief from perpetual solitary confinement. This relief consisted of 3 hours of dayroom 5 days a week, providing phone use, kiosk, physical proximity to one another for meals, cards, TV, conversation, showers, and filtered water fountains. By being housed in Disciplinary Confinement, or, AKA, the undocumented, non-DOC, "Heightened Security" status, Plaintiff was denied all of these privileges granted to all other similarly situated inmates.

These multiple deprivations perpetrated without just cause, amount to a violation of the Plaintiff's rights to Equal Treatment, due process and freedom from cruel and unusual punishment under the 8th and 14th amendments.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

n/a

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The following 4 Defendants are all being sued in their individual and official capacities. They cannot be sued as an entity ("FDOC") because FDOC policy is not the moving force behind the Complaint. Rather it is that these 4 individuals are deviating from standard FDOC Chapter 33 Inmate Treatment Directives which assure fair and equitable treatment for all similarly situated inmates.

1. Defendant John Palmer, is Regional Director of Institutions and is at all times material herein acting under color of law. His duties include reviewing all classification decisions made at the institutional level. Placement and release from all penal classification designations, to include the 3 levels of Close or Maximum Management. 'Heightened Security' status, a status which he admitted in Hall v. Palmer,3:15-cv-00824-BDK-JK-is not documented in FAC or Inmate Treatment Directives, is strongly influenced by his personal, individual recommendation and enforced by his official position as Region 2 Director.

2. Defendant Barry Reddish, is acting at all times material herein under color of State law as UCI Warden. Duties include overseeing and authorizing movement and placement of all inmates at UCI as well as assigning officers to carry out policy and procedures. He heads the Institutional Classification Team ("ICT") that ostensibly meets and reviews Plaintiff' Non-contact visitation status every six months. He reports directly to John Palmer.

3. Defendant Kevin Tomlinson is acting at all times material under color of State law as UCI Assistant Warden. As second in command at UCI,he reports directly to the Warden. He's given certain decision making authority as above all correctional staff. He's a member of the (ICT), Institutional Classification Team with specific authority and responsibilities relative to the operation and managment of the inmate classification system. He is part of the team that ostensibly meets every 6 months to review Plaintiff's Non-contact status.

4. Defendant Michelle Nipper is Colonel at Union CI and Head of Security and was acting at all times under color of State law. Plaintiff was informed by Kevin Tomlinson that Colonel Nipper reviewed his Heightened Security Status every 90 days and was responsible for removing or continuing him in "Heightened Security".

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. ✶

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

n/a

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Prolonged solitary confinement began at Florida State Prison in 2008 under CM1 classification because Plaintiff assaulted an inmate at another instituion. In 2011, Plaintiff's depression and suicidal ideation worsened. Another inmate threatened his life and Plaintiff killed him. Plaintiff was placed on Maximum Management, then upgraded back to CMI, but was told he wouldn't be returned to general population for a very long time. In 2019, another inmate threatened his life by involving another sexual predator. Plaintiff's mental health had deteriorated to the point he had no will to live. He killed the inmate who threatened him, was sentenced to death, and placed in Maximum Management, the harshest form of solitary confinement. These events occurred under former Warden/then Regional Director John Palmer and Warden Barry Reddish.

C. What date and approximate time did the events giving rise to your claim(s) occur?

This continued Solitary Confinement status continued from 2008 until 2021 when Plaintiff's mental health had severely deteriorated further exacerbating and assuring his quest for his own death. When Plaintiff was transferred to Union CI's Death Row in August of 2021, and placed in a Disciplinary Confinement cell behind a steel door, he believed those were the living conditions of all other Death Row inmates. The other 5 inmates surrounding him explained that they were all considered "heightened security" which had no protocols, no reviews they were aware of, and no duration time..

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see page 7



## WELLS V. PALMER 3:24-CV-532 TJC-PDB STATEMENT OF CLAIM

Plaintiff is not well versed in the law and has attempted to comply with Order to Amend to the best of his ability. Plaintiff begs the Court's indulgence if his answers are still overly long or unclear.

CLAIM 1 & 2-NON-CONTACT VISITATION & RECREATION VIOLATE DUE PROCESS. Placement in Heightened Security or Disciplinary Confinement Status, is a violation of 14TH Amendment because Plaintiff has not incurred disciplinary infractions and was not informed why he's being treated differently from other similarly situated inmates. As far as Plaintiff knows, there have been 2 reviews each year, the last one done was sometime in July of 2024. The only information given about these reviews is a one-page NON-CONTACT VISITATION CONTINUED, no reasons are given, no feedback on how to earn privileges is stated.

CLAIM 3 CONDITIONS OF CONFINEMENT - Perpetual Solitary confinement, deprivation of any human contact whatsoever, constitutes cruel and unusual punishment, a 8th Amendment Heightened Security status has Plaintiff housed behind a steel door now for over 3 years where the temperature rapidly goes over 120 degrees and breathing becomes extremely difficult. Similarly situated inmates have open-barred cells that allow some limited communication between staff and other inmates.

CLAIM 3- HS STATUS DEPRIVES PLAINTIFF OF DAYROOM PRIVILEGES granted to all similarly situated Death Row inmates, a result of the 2017 Class-Action suit that brought some relief from perpetual solitary confinement, inmates can have 3 hours a day, 5 days a week to have some interaction with other inmates in their area, take showers, use the phone and the kiosk and have access to cold water fountain and canteen delivery.

The 4 defendants named in this Complaint all participate in keeping Plaintiff in these conditions. John Palmer stated that he could never let Plaintiff off HS because he was responsible for the safety and security of the institution. Barry Reddish told Plaintiff's wife that he'd never forget the murder Plaintiff committed at Florida State Prison where Reddish was Warden and will not consider contact visitation because he's responsible for the safety and security of the institution. Asst. Warden Tomlinson told Plaintiff that "They're just not there yet." Colonel Nipper said, "You sound like you're blaming us." Classification informed Plaintiff that these Defendants review Plaintiff's "progress" every 90 and 180 days but how can one be assessed if they have no contact with anything outside their steel-door cells? The staff that works around Plaintiff have no issues with him and often express sympathy but said administrative officials like the 4 named in this Complaint do not solicit the input of ordinary correction officers. Defendants claim this punitive deprivation is justified by their fear that Plaintiff might commit another crime if allowed to have contact visits with his wife. He is given extra penalties because of the crime that sent him to death row, unlike all similarly situated inmates

8/2/2021- Plaintiff arrived at Union CI's Death Row on 8/2/21 and placed behind a steel door cell severely limiting any contact with his surroundings. He was confronted by then Colonel Jeffrey Lindsay who threatened, he'd "better act right." Lindsay had been Captain at Florida State Prison in 2011 and had been adversely affected by Plaintiff's murder in prison. Plaintiff never had disciplinary issues with DOC staff that interacted with him on a daily basis.

Plaintiff's mental health issues have been documented before and during his incarceration. His life circumstances exacerbated his suicidal ideation and depression most of his life. He had little will to live and had been seeking State-assisted suicide since 2004, but through the efforts of a team of advocates from Calvary Chapel in Lutz, FL, Plaintiff became a Christian. He fell in love with one of the women who was part of that team. His life suddenly became worth living. He began to write Classification and requested information from anyone who passed his cell how he could pursue getting off heightened security so he could have contact visitation. He began a Marriage Request Application, which was approved in February of 2022, but then rescinded by "Security", no names or reason given.

May 2022-Plaintiff began the formal grievance process, protesting being held in a Disciplinary Confinement-like status when he'd committed no disciplinary infractions. Months later, Lindsay again confronted Plaintiff and told him he'd NEVER get off "Heightened Security".

JOHN PALMER:
October 2023 John Palmer visited the Death Row Disciplinary Confinement section in October of 2023. He stopped and spoke to Plaintiff who he hadn't seen since 2019. Plaintiff told him of his new life, his marriage, his new-found desire to live and asked when Palmer would let him off this status so he could have contact visits with his wife. Palmer told him, "I can't ever do that. You're a very dangerous man."

October 2023- Plaintiff asked his wife to write to Palmer, include his Christian testimony and reasons why he was no threat to anyone. Mrs. Wells did so, received a polite response stating that he was "responsible for the safety and security of the institution." Palmer visited Disciplinary Confinement a few months later and inquired how Plaintiff was doing. Plaintiff repeated his request for release from this status and protested that there were no protocols in place, he wasn't able to ever plead his case during reviews that were supposedly taking place every 90 and 180 days. Palmer repeated that while Plaintiff was never a problem to staff and got on well with those around him, Palmer couldn't predict Plaintiff's future reactions to inmates.

BARRY REDDISH
Barry Reddish, who'd been warden at Florida State Prison during Plaintiff's time there and was also adversely affected by Plaintiff's action in 2019, was appointed Warden at Union CI in 2022. Plaintiff has had little contact with him, sees him only during weekly inspections but there is no verbal communication. Plaintiff is limited to hearing rumors ("Reddish hates guys on death row.") from various staff members who are on duty for awhile and then move to other sections.

November 2023-Planitiff's wife requested meeting with Barry Reddish, he agreed to meet with her during visitation. He stepped into the Non-contact section, refused to speak to Plaintiff but informed Mrs. Wells he would not grant contact visits to Plaintiff and would never forget the murder of 2019.

RESORTING TO BEGINNING CIVIL LITIGATION
January 2024, Plaintiff was made aware of the Hall v.Palmer case, 3:15-cv-824-J-39JRK, in which Enoch Hall, like the Plaintiff, was also subjected to harsher treatment from other similarly situated inmates due only to the crime for which he was sentenced to death. Case was settled and Hall was granted relief. 2nd case was the class-action suit 3:17-cv-820-J-34PDB, which he'd previously been told did not apply to him because he was "ineligible", should apply to him because he was not excluded by incurring disciplinary penalties, but by being placed in a status not defined by Chapter 33, the Inmate Treatment Code or the Florida Administrative Code. Plaintiff therefore, filed this complaint.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff's mental and physical health has been steadily deteriorating due to prolonged solitary confinement. Plaintiff suffers from debilitating migraine headaches which have become steadily worse, he's being treated with Ergotine and medical staff informed him they're trying to find medication to address the new complications. Due to lack of exercise being confined in a concrete and steel box, Plaintiff's chronic back and shoulder injuries have worsened, he's being treated with cortizone shots for pain every 90 days. He suffers from sleeplessness, depression, mood swings, and lethargy from extreme heat.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests a Jury Trial and seeks Declaratory and Injunctive Relief resulting in immediate release from this undocumented "Heightened Security" status and immediate restoration of contact visitation, recreation with similarly situated inmates and open-bar cell housing which are immediately granted to all similarly situated Death Row inmates.

Plaintiff requests monetary damages only to cover filing expenses he's incurred, attorney's fees and any other expenses a jury trial would incur

Plaintiff also requests the Court keep this case open for duration of implementation of the injuctive relief requested with leave to immediately reopen the case should he incur harassment from Defendants during and after this all takes place.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FLORIDA STATE PRISON and continued at UNION CORRECTIONAL INSTITUTION

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

PROLONGED SOLITARY CONFINEMENT., REFUSAL OF CONTACT VISITATION.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   FLORIDA STATE PRISON and UNION CI

2. What did you claim in your grievance?

   Prolonged solitary confinement was not achieving any corrective behavior but was for purely punitive reasons due to bias of John Palmer and Barry Reddish who were adversely affected by Plaintiff's murder of two inmates who'd threatened his life in two separate incidents.

3. What was the result, if any?

   All grievances were denied and Plaintiff has been told the same thing for the past almost 20 years, "Keep doing what you're doing, we're not ready yet and we are responsible for the safety and security of the institution.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   The grievance process was completed at Florida State Prison, was begun again and completed at Union Correctional Institution through Informal, Formal Grievances and Bureau of Inmate Appeals. Planitiff continues to plead his case for release from perpetual "Heightened Security" status to no avail.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    F.    If you did not file a grievance:

          1.    If there are any reasons why you did not file a grievance, state them here:

              n/a

          2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

              n/a

    G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

        Plaintiff and Plaintiff's wife continue to petition John Palmer and Barry Reddish for relief as evidenced in Exhibit containing correspondence between Plaintiff, his wife, and John Palmer, Barry Reddish and Michelle Nipper.

        *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

n/a

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1. Parties to the previous lawsuit
     Plaintiff(s)   n/a
     Defendant(s)   n/a

  2. Court *(if federal court, name the district; if state court, name the county and State)*
     n/a

  3. Docket or index number
     n/a

  4. Name of Judge assigned to your case
     n/a

  5. Approximate date of filing lawsuit
     n/a

  6. Is the case still pending?
     ☐ Yes
     ☒ No

     If no, give the approximate date of disposition.   n/a

  7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
     n/a

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes
☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    n/a
   Defendant(s)   n/a

2. Court *(if federal court, name the district; if state court, name the county and State)*
   n/a

3. Docket or index number
   n/a

4. Name of Judge assigned to your case
   n/a

5. Approximate date of filing lawsuit
   n/a

6. Is the case still pending?
   ☐ Yes
   ☒ No
   If no, give the approximate date of disposition    n/a

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   n/a

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/11/24

Signature of Plaintiff: W. Wells

Printed Name of Plaintiff: WILLIAM EDWARD WELLS III
Prison Identification #: 326252
Prison Address: UNION CI, PO BOX 1000
RAIFORD, FL 32083

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

Telephone Number
E-mail Address

Page 14 of 14