IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WILLIAM WELLS, III,**

    Plaintiff,

v.                              **Case No.: 3:24-cv-532-TJC-PDB**

**JOHN PALMER ET AL.,**

    Defendants.

_____/

## **DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES**

**Palmer**, **Reddish**, **Tomlinson**, and **Nipper** ("Defendants"), hereby answers **William Wells III** ("Plaintiff") Amended Complaint, (Doc. 10)[1], as follows:

**I.    PLAINTIFF** (Doc. 10 at 2).

Admit.

**II.    DEFENDANT(S)** (*Id*. at 2-3).

1-4.    Admit.

**III.    BASIS FOR JURISDICTION** (*Id*. 3-5).

Admit that this court has jurisdiction. Admit that Plaintiff has described cognizable claims and that he is suing the parties as described. Deny the remainder of Plaintiff's allegations.

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

**IV.**    **PRISONER STATUS** (*Id*. at 5).

Admit.

**V.**    **STATEMENT OF CLAIM** (*Id*. at 6-7).

- Without knowledge as to Plaintiff's sufficiency in the law.[2]

- Deny Plaintiff's allegation of violations of his rights regarding non-contact visitation and due process.

- Deny Plaintiff's allegation of violations of his conditions of confinement.

- Deny Plaintiff's allegations regarding dayroom privileges.

- Deny.

- Deny.

- Deny Plaintiff's allegations regarding his health. Without knowledge as to the remainder of Plaintiff's allegations.

- Admit that Plaintiff grieved the issues in his Amended Complaint.

JOHN PALMER

- Deny.

- Deny.

BARRY REDDISH

- Deny.

---

[2] Plaintiff does not utilize numbered paragraphs, so Defendants respond to each paragraph in order.

- Deny.

RESORTING TO BEGINNING CIVIL LITIGATION

- Without knowledge as to what Plaintiff did prior to instituting case. Deny remainder of Plaintiff's allegations.

**VI.  INJURIES** (*Id*. at 8).

Deny.

**VII.  RELIEF** (*Id*. at 8).

Deny that Plaintiff is entitled to relief.

**VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES** (*Id*. at 10-12).

Admit that Plaintiff exhausted his administrative remedies.

**IX.  PREVIOUS LAWSUITS** (*Id*. at 12-14).

Without knowledge.

**X.  CERTIFICATION AND CLOSING** (*Id*. at 15).

No statement as Plaintiff certifies his allegations are true and correct.

**XI.  EXHIBITS** (Doc. 10-1 at 1-39).

Admit that Plaintiff submitted the Exhibits and received responses sufficient to exhaust his administrative remedies. Deny the allegations made by Plaintiff.

**XII. DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a cause of action against Defendants.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendants have not deprived Plaintiff of any rights, privileges, or immunities secured by the United States Constitution, the Florida Constitution, or Florida or Federal statutory law.

4. Plaintiff is not entitled to any damages as Plaintiff has not suffered any injury because of Defendants' actions.

5. Defendants are entitled to qualified immunity for their actions relative to the incident set forth in Plaintiff's Amended Complaint.

6. Plaintiff has failed to state a cause of action because there is no causal connection between Plaintiff's claimed injuries and any action or inaction by Defendants as required for liability under 42 U.S.C. §1983.

7. The actions taken by Defendants about the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under 42 U.S.C. § 1983.

8. Defendants' actions do not rise to the level of intentional or criminally reckless behavior which would allow for Plaintiff to obtain relief.

9. Plaintiff cannot establish any violation or injury of his guaranteed rights.

10. The actions taken by Defendants regarding the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

11. Plaintiff is not subject to the Settlement Agreement referenced in his Amended Complaint.

## XIII. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendants reserve the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## XIV. DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Answer, Defenses, and Affirmative Defenses* was e-filed on May 12, 2025, and Mailed by U.S. Mail to: William Edward Wells, DC# 326252, Union Correctional Institution, P. O. Box 1000 Raiford, Florida 32083 on May 13, 2025.

/s/ Erik Kverne
Erik Kverne
Special Counsel – Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com