EXHIBIT A

2ND AMENDED COMPLAINT

# UNITED STATES DISTRICT COURT

for the

### MIDDLE District of FLORIDA

### JACKSONVILLE Division

| | | |
|---|---|---|
| WILLIAM EDWARD WELLS III | ) | Case No.    3:24-CV-532 |
| *Plaintiff(s)* | ) | |
| ~~(Write the full name of each plaintiff who is filing this complaint. If~~ | ) | *(to be filled in by the Clerk's Office)* |
| *the names of all the plaintiffs cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |
| –v– | ) | |
| | ) | |
| | ) | |
| | ) | |
| JOHN PALMER, BARRY REDDISH, KRISSY | ) | |
| STANFORD, KEVIN TOMLINSON, MICHELLE | ) | |
| NIPPER | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names. Do not include addresses here.)* | | |

SECOND AMENDED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | WILLIAM EDWARD WELLS III |
| All other names by which you have been known: | |
| ID Number | 326252 |
| Current Institution | UNION |
| Address | PO BOX 1000 |
| | RAIFORD |

| City | State | Zip Code |
|---|---|---|
| RAIFORD | FL | 32083 |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JOHN PALMER |
| Job or Title *(if known)* | REGIONAL DIRECTOR |
| Shield Number | REGION 2 |
| Employer | FLORIDA DEPARTMENT OF CORRECTIONS |
| Address | 7763 S. CR231 |
| | LAKE BUTLER |

| City | State | Zip Code |
|---|---|---|
| LAKE BUTLER | FL | 32399 |

☒ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | BARRY REDDISH |
| Job or Title *(if known)* | UNION CI WARDEN |
| Shield Number | |
| | FLORIDA DEPARTMENT OF CORRECTIONS |
| | 25636 FL-16 |
| | RAIFORD |

| City | State | Zip Code |
|---|---|---|
| RAIFORD | FL | 32083 |

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Employer

Address

**Defendant No. 3**

Name                                    KRISSY STANFORD

Job or Title *(if known)*        ASSISTANT WARDEN UNION CI

Shield Number                     r  F

Employer                            FLORIDA DEPARTMENT OF CORRECTIONS

Address                              25636 FL-16

RAIFORD                    FL                      32083

*City*                          *State*              *Zip Code*

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

Name                                    KEVIN TOMLINSON

Job or Title *(if known)*        , ASSISTANT WARDEN REPLACED

Shield Number

Employer                            FLORIDA DEPARTMENT OF CORRECTIONS

Address

25636 FL-16                FL                      32083

*City*                          *State*              *Zip Code*

☒ Individual capacity    ☒ Official capacity

**Defendant No. 5**

Name                                    MICHELLE NIPPER

Job or Title *(if known)*        COLONEL, HEAD OF SECURITY

Shield Number

Employer                            FLORIDA DEPARTMENT OF CORRECTIONS

Address

25636 FL-16                FL                      32083

*City*                          *State*              *Zip Code*

☒ Individual capacity    ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No.6

|  | | |
|---|---|---|
| Name | RICHARD ANDREWS | |
| Job or Title *(if known)* | HEAD OF CLASSIFICATION | |
| Shield Number | | |
| Employer | FLORIDA DEPARTMENT OF CORRECTIONS | |
| Address | | |

| 25636 FL-16 | FL | 32083 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

Federal ☐ officials (a *Bivens* claim)

State or local ☒ officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Claim 1- Equal Protection Clause in 14th Amendment (Being treated differently from other Death Row inmates).

Claim 2. Due Process- 14th Amendment (Lack of any meaningful process or notice, no participation in substantive status reviews, no real notice over the past 6 years of when they were occurring.

Claim 3- Due Process 14th Amendment (Liberty interest in state-created right to privileges of death row inmates. FDOC's settlement in FDOC's settlement in Davis et al v. Inch et al, Class Action Suit Case 3:17-cv-00820-MMH-PDB, and their practices and customs with regards to treatment of death row inmates have created a new class of death row inmates that have certain guaranteed rights/privileges such as 3-hour access to a dayroom for 5 days weekly, from Mondays through Fridays, regular contact visits, phone calls for duration of the 3 hours per day, showers, opportunity to congregate with other inmates assigned to dayroom. Plaintiff has a liberty interest in these state-created rights and FDOC has denied it to him without due process.

Claim 4- 8th Amendment right to be free from cruel and unusual punishment, the mental deterioration of human beings placed in solitary confinement is well-documented. Long periods of isolation and denial of any human contact cause severe depression and deprive anyone placed in such status with a will to live. Prolonged periods of solitary confinement are classified as torture and have no penological justification. Inmates confined in

"Heightened Security" regularly scream, argue, hallucinate and kick the steel doors, causing the rest to remain sleepless for days and nights at a time.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

n/a

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any       statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."       42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color       of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of       federal law. Attach additional pages if needed.

The following 6 Defendants are all being sued in their individual and official capacities. They cannot be sued as an entity ("FDOC") because FDOC policy is not the moving force behind the Complaint. Rather it is that these 4 individuals are deviating from standard FDOC Chapter 33 Inmate Treatment Directives which assure fair and equitable treatment for all similarly situated inmates.

1.     Defendant John Palmer, is Regional Director of Institutions and is at all times material herein acting under color of law. His duties include reviewing all classification decisions made at the institutional level. Placement and release from all penal classification designations, to include the 3 levels of Close or Maximum Management. 'Heightened Security' status, a status which he admitted in Hall v. Palmer,3:15-cv-00824-BDK-JK-is not documented in FAC or Inmate Treatment Directives, is strongly influenced by his personal, individual recommendation and enforced by his official position as region 2 Director.

2.     Defendant Barry Reddish, is acting at all times material herein under color of State law as UCI Warden. Duties include overseeing and authorizing movement and placement of all inmates at UCI as well as assigning officers to carry out policy and procedures. He heads the Institutional Classification Team ("ICT") that ostensibly meets and reviews Plaintiff' Non-contact visitation status every six months. He reports directly to John Palmer.

3.     Defendant Krissy Stanford has replaced Defendant Kevin Tomlinson and is now acting at all times material under color of State law as UCI Assistant Warden. As second in command at UCI, she reports directly to the Warden. She's given certain decision-making authority as above all correctional staff. She's a member of the (ICT), Institutional Classification Team with specific authority and

responsibilities relative to the operation and management of the inmate classification system. She is part of the team that ostensibly meets every 6 months to review Plaintiff's Non-contact status.

4.     Defendant Kevin Tomlinson was acting at all times material under color of State law as UCI Assistant Warden. As second in command at UCI, he reported directly to the Warden. He was given certain decision-making authority as above all correctional staff. He was a member of the (ICT), Institutional Classification Team with specific authority and responsibilities relative to the operation and management of the inmate classification system. He was part of the team that ostensibly meets every 6 months to review Plaintiff's Non-contact status.

5.     Defendant Michelle Nipper is Colonel at Union CI and Head of Security and was acting at all times under color of State law. Plaintiff was informed by Kevin Tomlinson that Colonel Nipper reviewed his Heightened Security Status every 90 days and was responsible for removing or continuing him in "Heightened Security".

6.     Defendant Richard Andrews is Head of Classification at UCI and is acting at all times under color of State law. Defendant Andrews is a member of Institutional Classification Team with specific authority and responsibilities relative to the operation and management of the inmate classification system. He is part of the team that ostensibly meets every 6 months to review Plaintiff's Non-contact status. As of August 2025, under new renamed status of "Enhanced Security", Richard Andrews conducted a November 25, 2025 Review. He read the charges from 2011 and 2019 that placed Plaintiff in Heightened Security Status. He asked Plaintiff if he had a statement. Plaintiff replied he had nothing to add to his previous 30-day statement, that he could never change what was printed in that report, he could only change the present and the future, his evidence could only consist of his past 6-year DR-free history, his new life in Christ, and to his marriage to Mrs. Carmen Wells who visited him every Saturday and holiday permitted. Andrews told Plaintiff, "No amount of time can change what's on that paper."

## III.     Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐     Pretrial detainee

☐     Civilly committed detainee

☐     Immigration detainee

☒     Convicted and sentenced state prisoner

☐     Convicted and sentenced federal prisoner

☐     Other *(explain)* _____

## IV.     Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include

further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Claim 1- Equal Protection Clause in 14th Amendment (Being treated differently from other Death Row inmates.

Claim 2. Due Process- 14th Amendment (Lack of any meaningful process or notice, no participation in and substantive status reviews, no real notice over the past 6 years of when they were occurring.

Claim 3- Due Process 14th Amendment (Liberty interest in state-created right to privileges of death row inmates. FDOC's settlement in Davis et al v. Inch et al, Class Action Suit Case 3:17-cv-00820-MMH-PDB, and FDOC's practices and customs with regards to treatment of death row inmates in accordance to the settlement in that case, have created a new class of death row inmates that have certain guaranteed rights/privileges such as 3-hour access to a dayroom for 5 days weekly, from Mondays through Fridays, regular contact visits, phone calls for duration of the 3 hours per day, showers, opportunity to congregate with other inmates assigned to dayroom. Plaintiff has a liberty interest in these state-created rights and FDOC has denied it to him without due process.

The above 3 Due Process Claims have been and are results of the refusal of all named Defendants to release Plaintiff from "Heightened Security" Status claiming that the status is not punitive, which it clearly is after the prolonged enforcement of 6 years. Plaintiff cites the cases only because they are what shows that Defendants are violating Plaintiff's rights as he is being treated differently from other similarly situated Death Row prisoners. Plaintiff's situation is largely based on the authority of Regional Director John Palmer who has the final say on release from this status. The 5 other Defendants cannot override his recommendations. Plaintiff has added Exhibit B showing John Palmer's directive Memo stating such. (See Exhibit B.attachments marked Discovery for documents showing how Defendant Palmer demanded that Plaintiff be kept in Heightened Security, without contact visits, and should anyone decide to remove him from such status, Palmer must be informed.)

Claim 4- 8th Amendment right to be free from cruel and unusual punishment, the mental deterioration of human beings placed in solitary confinement is well-documented. Long periods of isolation and denial of any human contact cause severe depression and deprive anyone placed in such status with a will to live. Prolonged periods of solitary confinement are classified as torture and have no penological justification. Inmates confined in "Heightened Security" regularly scream, argue, hallucinate and kick the steel doors, causing the rest to remain sleepless for days and nights at a time.

On his 8/2/2021 arrival at Union CI's Death Row, Plaintiff was housed in a 6x8, windowless, "Heightened Security" cell behind a steel door in a Disciplinary Confinement Unit, though he had committed no disciplinary infractions. DOC policy placed those sentenced to death in open barred cells with proper ventilation which also afforded some verbal communication with other inmates. Contact visitation and recreation twice a week in an open space were restored even to inmates formerly deprived of such privileges as long as they remained "DR-free". Shortly after Plaintiff's arrival there, the 2017-cv-00820-MMH-PDB class-action Complaint was settled granting all Death Row inmates who were not serving DC time, some relief from perpetual solitary confinement. This relief consisted of 3 hours of dayroom 5 days a week,

providing phone use, kiosk, physical proximity to one another for meals, cards, TV, conversation, showers, and filtered water fountains. By being housed in Disciplinary Confinement, or, AKA, the undocumented, non-DOC, "Heightened Security" status, Plaintiff was denied all of these privileges granted to all other similarly situated inmates.

When Plaintiff deposed John Palmer, Mr. Palmer revealed that he was now instituting an "Enhanced Security" protocol of a 30-day and every 60-day review process for that status.

However, Plaintiff attended 2 such reviews where his previous infractions which placed him in this status were read to him and he was asked if he wanted to make a statement. He said he could never change what was on that report, but could only change the present and the future. He was told that "no amount of time would make that go away." He was then told the decision was made he was to be continued in the same "Heightened Security, Non-contact visit status." This is not a meaningful review as no observation; evaluation of inmate progress is taken into consideration. Decision is made on original record from 6 years ago.

Approximately 1 year ago, Plaintiff and others condemned to this status approached a Captain and asked to be granted use of a portable phone to make one call a day, far less than similarly situated Death Row inmates granted dayroom were permitted. Plaintiff reasoned if Heightened Security was NOT a punitive status, they should be permitted equal phone time with their families. The captain conferred with the administration, who granted portable phone would be given on Monday, Tuesday, Thursday Saturday. But on Wednesday, 12/17/25, a memo was issued stating that the portable phone would only be given once a month according to Chapter 33 rule pertaining to Death Row. Chapter 33 has not been updated to include the new population of similarly situated Death Row inmates who have Dayroom access 5 days a week and can make several calls per day. This new deprivation serves no security or penological issue and is punishment. These multiple deprivations perpetrated without just cause, amount to a violation of the Plaintiff's rights to Equal Treatment, due process and freedom from cruel and unusual punishment under the 8th and 14th amendments.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

      n/a

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

      Prolonged solitary confinement began at Florida State Prison in 2008 under CM1 classification because Plaintiff assaulted an inmate at another institution. In 2011, Plaintiff's depression and suicidal ideation worsened. Another inmate threatened his life and Plaintiff killed him. Plaintiff was placed on Maximum Management, then upgraded back to CMI, but was told he wouldn't be returned to general population for a very long time. In 2019, another inmate threatened his life by involving another sexual predator. Plaintiff's mental health had deteriorated to the point he had no will to live. He killed the inmate who threatened him, was sentenced to death, and placed in Maximum Management, the harshest form of solitary confinement. These events occurred under former Warden/then Regional Director John Palmer and Warden Barry Reddish.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

This continued Solitary Confinement status continued from 2008 until 2021 when Plaintiff's mental health had severely deteriorated further exacerbating and assuring his quest for his own death. When Plaintiff was transferred to Union CI's Death Row in August of 2021, and placed in a Disciplinary Confinement cell behind a steel door, he believed those were the living conditions of all other Death Row inmates. The other 5 inmates surrounding him explained that they were all considered "heightened security" which had no protocols, no reviews they were aware of, and no duration time.

8/2/2021- Plaintiff arrived at Union CI's Death Row on 8/2/21 and placed behind a steel door cell severely limiting any contact with his surroundings. He was confronted by then Colonel Jeffrey Lindsay who threatened, he'd "better act right." Lindsay had been Captain at Florida State Prison in 2011 and had been adversely affected by Plaintiff's murder in prison. Plaintiff never had disciplinary issues with DOC staff that interacted with him on a daily basis.

D.       What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On his 8/2/2021 arrival at Union CI's Death Row, Plaintiff was housed in a 6x8, windowless, "Heightened Security" cell behind a steel door in a Disciplinary Confinement Unit, though he had committed no disciplinary infractions. DOC policy placed those sentenced to death in open barred cells with proper ventilation which also afforded some verbal communication with other inmates. Contact visitation and recreation twice a week in an open space were restored even to inmates formerly deprived of such privileges as long as they remained "DR-free". Shortly after Plaintiff's arrival there, the 2017-cv-00820-MMH-PDB class-action Complaint was settled granting all Death Row inmates who were not serving DC time, some relief from perpetual solitary confinement. This relief consisted of 3 hours of dayroom 5 days a week, providing phone use, kiosk, physical proximity to one another for meals, cards, TV, conversation, showers, and filtered water fountains. By being housed in Disciplinary Confinement, or, AKA, the undocumented, non-DOC, "Heightened Security" status, Plaintiff was denied all of these privileges granted to all other similarly situated inmates.

Despite having received 0 Disciplinary Reports since July 5/2019, Defendants have not provided Plaintiff with meaningful reviews. Under new "Enhanced Security" protocols, instituted in August of 2025, routine reviews are done every 60 days with inmates attending. Plaintiff has had 2 reviews which consist of nothing more than a verbal recitation of infractions that placed Plaintiff on Heightened Security, invitation to inmate to make a statement, and inmate is informed that ICT has decided to continue him in that status. There is no discussion of progress, or how to improve progress before next review.

Approximately 1 year ago, Plaintiff and others condemned to this status approached a Captain and asked to be granted use of a portable phone to make one call a day, far less than similarly situated Death Row inmates granted dayroom were permitted. Plaintiff reasoned if Heightened Security was NOT a punitive status, they should be permitted equal phone time with their families. The captain conferred with the administration, who granted portable phone would be given on Monday, Tuesday, Thursday Saturday. But on Wednesday, 12/17/25, a memo was issued stating that the portable phone would only be given

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

once a month according to Chapter 33 rule pertaining to Death Row. Chapter 33 has not been updated to include the new population of similarly situated Death Row inmates who have Dayroom access 5 days a week and can make several calls per day. This new deprivation serves no security or penological issue and is punishment.

When Plaintiff deposed John Palmer, Mr. Palmer revealed that he was now institution an "Enhanced Security protocol of a 30-day and every 60-day review process for that status. However, Plaintiff attended 2 such reviews where his previous infractions which placed him in this status were read to him and he was asked if he wanted to make a statement. He said he could never change what was on that report, but could only change the present and the future. He was told that "no amount of time would make that go away." He was then told the decision was made he was to be continued in the same "Heightened Security, Non-contact visit status." This is not a meaningful review as no observation; evaluation of inmate progress is taken into consideration. Decision is made on original record from 6 years ago.

These multiple deprivations perpetrated without just cause, amount to a violation of the Plaintiff's rights to Equal Treatment, due process and freedom from cruel and unusual punishment under the 8th and 14th amendments.

Plaintiff's mental health issues have been documented before and during his incarceration. His life circumstances exacerbated his suicidal ideation and depression most of his life. He had little will to live and had been seeking State-assisted suicide since 2004, but through the efforts of a team of advocates from Calvary Chapel in Lutz, FL, Plaintiff became a Christian. He fell in love with one of the women who was part of that team. His life suddenly became worth living. He began to write Classification and requested information from anyone who passed his cell how he could pursue getting off heightened security so he could have contact visitation. He began a Marriage Request Application, which was approved in February of 2022, but then rescinded by "Security", no names or reason given.

May 2022-Plaintiff began the formal grievance process, protesting being held in a Disciplinary Confinement-like status when he'd committed no disciplinary infractions. Months later, Lindsay again confronted Plaintiff and told him he'd NEVER get off "Heightened Security".

JOHN PALMER:
October 2023 John Palmer visited the Death Row Disciplinary Confinement section in October of 2023.He stopped and spoke to Plaintiff who he hadn't seen since 2019. Plaintiff told him of his new life, his marriage, his new-found desire to live and asked when Palmer would let him off this status so he could have contact visits with his wife. Palmer told him, "I can't ever do that. You're a very dangerous man."

October 2023- Plaintiff asked his wife to write to Palmer, include his Christian testimony and reasons why he was no threat to anyone. Mrs. Wells did so, received a polite response stating that he was "responsible for the safety and security of the institution." Palmer visited Disciplinary Confinement a few months later and inquired how Plaintiff was doing. Plaintiff repeated his request for release from this status and protested that there were no protocols in place, he wasn't able to ever plead his case during reviews that were supposedly taking place every 90 and 180 days. Palmer repeated that while

Plaintiff was never a problem to staff and got on well with those around him, Palmer couldn't predict Plaintiff's future reactions to inmates.

BARRY REDDISH
Barry Reddish, who'd been warden at Florida State Prison during Plaintiff's time there and was also adversely affected by Plaintiff's action in 2019, was appointed Warden at Union CI in 2022. Plaintiff has had little contact with him, sees him only during weekly inspections but there is no verbal communication. Plaintiff is limited to hearing rumors ("Reddish hates guys on death row.") from various staff members who are on duty for a while and then move to other sections.

November 2023-Plaintiff's wife requested meeting with Barry Reddish, he agreed to meet with her during visitation. He stepped into the non-contact section, refused to speak to Plaintiff but informed Mrs. Wells he would not grant contact visits to Plaintiff and would never forget the murder of 2019.

RESORTING TO BEGINNING CIVIL LITIGATION
January 2024, Plaintiff was made aware of the Hall v. Palmer case, 3:15-cv-824-J-39JRK, in which Enoch Hall, like the Plaintiff, was also subjected to harsher treatment from other similarly situated inmates due only to the crime for which he was sentenced to death. Case was settled and Hall was granted relief. 2nd case was the class-action suit 3:17-cv-820-J-34PDB, which he'd previously been told did not apply to him because he was "ineligible", should apply to him because he was not excluded by incurring disciplinary penalties, but by being placed in a status not defined by Chapter 33, the Inmate Treatment Code or the Florida Administrative Code. Plaintiff therefore, filed this complaint.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff's mental and physical health has been steadily deteriorating due to prolonged solitary confinement. Plaintiff suffers from debilitating migraine headaches which have become steadily worse, he's being treated with Ergotine and medical staff informed him they're trying to find medication to address the new complications. Due to lack of exercise being confined in a concrete and steel box, Plaintiff's chronic back and shoulder injuries have worsened, he's being treated with cortisone shots for pain every 90 days. He suffers from sleeplessness, depression, mood swings, and lethargy from extreme heat.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff requests a Jury Trial and seeks Declaratory and Injunctive Relief declaring Plaintiff's constitutional rights have been violated, the Court ordering FDOC to provide him release from this undocumented "Heightened Security" now renamed "Enhanced Security" status, contact visits with his wife and whatever additional relief the Court deems proper to grant to similarly situated Death Row inmates.

Plaintiff requests monetary damages only to cover filing expenses he's incurred, attorney's fees and any other expenses a jury trial would incur

Plaintiff also requests the Court keep this case open for duration of implementation of the injunctive relief requested with leave to immediately reopen the case should he incur harassment from Defendants during and after this all takes place.

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes    ☒

No    ☐

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FLORIDA STATE PRISON and continued at UNION CORRECTIONAL INSTITUTION

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ☒

No ☐

Do not know ☐

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

Yes ☒

No ☐

Do not know ☐

If yes, which claim(s)?

PROLONGED SOLITARY CONFINEMENT., REFUSAL OF CONTACT VISITATION.

~~Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)~~

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

Yes    ☒

No    ☐

        If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes    ☐

No    ☐

E.    If you did file a grievance:

1.    Where did you file the grievance?

FLORIDA STATE PRISON and UNION CI

2.    What did you claim in your grievance?

Prolonged solitary confinement was not achieving any corrective behavior but was for purely punitive reasons due to bias of John Palmer and Barry Reddish who were adversely affected by Plaintiff's murder of two inmates who'd threatened his life in two separate incidents.

3.    What was the result, if any?

All grievances were denied and Plaintiff has been told the same thing for the past almost 20 years, "Keep doing what you're doing, we're not ready yet and we are responsible for the safety and security of the institution.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

The grievance process was completed at Florida State Prison, was begun again and completed at Union Correctional Institution through Informal, Formal Grievances and Bureau of Inmate Appeals. Plaintiff continues to plead his case for release from perpetual "Heightened Security" status to no avail.

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

n/a

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

n/a

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Plaintiff and Plaintiff's wife continue to petition John Palmer and Barry Reddish for relief as evidenced in Exhibit containing correspondence between Plaintiff, his wife, and John Palmer, Barry Reddish and Michelle Nipper.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Yes ☐

No ☒

       If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

       n/a

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this    action?

Yes ☐

No ☒

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

        Plaintiff(s)   n/a

        Defendant(s)  n/a

2.   Court *(if federal court, name the district; if state court, name the county and State)*

        n/a

3.   Docket or index number

        n/a

4.   Name of Judge assigned to your case

        n/a

5.   Approximate date of filing lawsuit

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

n/a

6.   Is the case still pending?

Yes         ☐

No          ☒

If no, give the approximate date of disposition.     n/a

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*     n/a

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
     ☐  Yes
     ☒  No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)     n/a

     Defendant(s)    n/a

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     n/a

3.   Docket or index number

n/a

4.   Name of Judge assigned to your case

n/a

5.   Approximate date of filing lawsuit

n/a

6.   Is the case still pending?

Yes   ☐

No    ☒

If no, give the approximate date of disposition    n/a

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

n/a

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     1/12/2026

Signature of Plaintiff

Printed Name of Plaintiff     WILLIAM EDWARD WELLS III

Prison Identification #     326252

Prison Address     UNION CI, PO BOX 1000

| RAIFORD | FL | 32083 |
|---|---|---|
| *City* | *State* | *Zip Code* |

**B.     For Attorneys**

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Address     _____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

Telephone Number

E-mail Address

RFP 1 000033

**Russell, Daniel**

| | |
|---|---|
| **From:** | Palmer, John |
| **Sent:** | Friday, July 30, 2021 2:07 PM |
| **To:** | Davis, Donald; Lamb, Travis |
| **Cc:** | Stanford, Krissy; Russell, Daniel; Palmer, John; Anderson, Tony |
| **Subject:** | RE: Request for release from Maximum Management Wells, William DC# 326252 |

Warden Davis,
Approved with extreme hesitation.

Warden Lamb,
As you are aware, this inmate is an extreme risk to public, staff and inmate safety. He knows how to remain DR free and my concern is that the he will kill again. Please ensure the following for the safety of staff, other inmates and the public:

- Inmate is maintained in a heightened security status and behind a solid door and evaluated in accordance with the requirements of the Florida Administrative Code for said status. Please alert me when and if a decision is made to remove from said status, before the inmate is released from heightened security;
- Alert staff to the level of security threat he presents for their safety and to guard against complacency;
- Exercise him alone;
- Ensure he is placed in a no contact visitation status.

Moving forward, please confer with me before this inmate is removed from no contact visitation or receives exercise in a group setting. Thanks in advance.

**John Palmer**
Director of Institutions
Region II Office
Florida Department of Corrections





EXHIBIT B

EXHIBIT C - GRIEVANCES

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | William Wells | 326252 | P4108 | | 5-7-22 |

**REQUEST** Check here if this is an informal grievance ☑

This grievance is in reference to dayroom. On Friday May 6, 2022 Union C.I. instituted dayroom activities mandated by court order. I am being denied these activities even though I am not under disciplinary confinement. And the tightered security status I am being told about does not exist within DOC rules, regulations or in the Internal procedures manual. I request that I be allowed to participate in those court ordered activities for death row inmates.

Thank You

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: 326252 |

---

**DO NOT WRITE BELOW THIS LINE**

P-Dolun

**RESPONSE**    213-2205-0133

DATE RECEIVED:

**RECEIVED**
MAY 09 2022
BY: _____

You are not eligible for dayroom in your current status.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **Denied**. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): J. Davis | Official (Signature): | Date: 5-12-22 |

4B
5/24

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Case 3:24-cv-00532-TJC-PDB   Document 17-2   Filed 05/06/24   Page 3 of 39 PageID 20

6/22

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Wells, William E | 326252 | Union C.I |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance

This grievance is in reference to being denied access to court mandated dayroom activities. On my informal (see attached), Captain Davis states I am not eligible in my current status. That answer is insufficient as it violates the Federal equal protection clause. We are told that heishtened security status is not a form of punishment, but by denying me the same privileges as the other non-disciplinary inmates such as more access to the phone kiosk and showers, you are turning my H/S status into a form of punishment that has no fixed end date. My status is arbitrarily applied for an indefinite period of time without the same recourse as close management or disciplinary inmates have. I respectfully ask to be allowed to take part in dayroom activities.

Thank You

**SEE ATTACHED**
**RESPONSE**

| 5.31.22 | | 326252 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0 / _____
#     Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

JUN 0 2 2022

Submitted by the inmate on: _____
(Date)

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: 2206-2B-009

(Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006

04B

## PART B - RESPONSE

| WELLS, WILLIAM | 326252 | 2206-213-009 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated.

Further investigation reveals the following information:

The response you received to Informal Grievance 213-2205-0133 was adequate. You are currently on a heightened security status, which includes non-contact visitation and recreation in an area separate from other inmates. You will not be allowed to participate in dayroom activities while on that status.

Therefore, based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within fifteen (15) days from date of this response.

CLO M.G. Miller                                              T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 4/8/22 DATE |
|---|---|---|

MAILED

JUN 08 2022

UCI GRIEVANCE OFFICE

Case 3:24-cv-00532-TJC-PDB    Document 1-3    Filed 05/28/24    Page 22 of 37 PageID 22

FLORIDA DEPARTMENT OF CORRECTIONS

RECEIVED

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

JUN 17 2022

rec'd
6/13/22
MM

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden     ☐ Assistant Warden     ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Wells | William | E | 326252 | Union C.I. |
|-------|---------|---|--------|-----------|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**        22-6-18248

This grievance is in reference to dayroom activities for death row inmates. I am on Heightened security status. I am told that my status is not punishment, but even though I have not had a D.R. in almost 3 years (last D.R. July 2019) I am being denied access to dayroom privileges ie. increased phone and Kiosk access. This is a violation of equal protection laws. There are only 6 Heightened security cells but only 4 inmates on this status. There is no reason that we cannot have our own dayroom that we can be put in there one at a time throughout the day and receive those same privileges. By denying those privileges we are being treated as C.M. or maximum management inmates without having the same reviews where we can try to work our way off this status. We are only given a non contact review every 6 months, but without a hearing. This situation needs to be fixed to allow us dayroom or take us off this heightened security status.

Thank You

See attached 2 grievances.
5.17.22 Informal #213-2205-0133
6.1.22 Formal #2206-213-009

| 6.10.22 | 326252 |
|---------|--------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**        0 / 1        _____
                                                                                #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 6-14-22        Institutional Mailing Log #: 13008        _____
                              (Date)                                                      (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---------------|----------------------|----------------|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

04B
2206-(213)-009

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

WITH AGENCY CLERK

JUL 0 1 2022

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WELLS, WILLIAM | 326252 | 22-6-18248 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

W. MILLETTE

---

_W. Millette_

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/23/22 |
|---|---|---|
| | | DATE |

**INMATE REQUEST** 7/26    **STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Wells, William | 326252 | P4105 | — | 7·9·22 |

**REQUEST** Check here if this is an informal grievance ☑

This grievance is in reference to my heightened Security (HS) Status. I can find no written rules or regulations concerning this status. I spoke with Colonel Lindley last week and was told ICT does a review on HS Status every 3 months. But the only thing I receive is a paper every 6 months regarding my non contact Visitation from my classification officer. I am not informed of any upcoming HS review, nor notified of any post ICT review of their decision. This current supposed review process leaves room for doubt of the reviews integrity, especially when one of the

Pg 1 of 2

All requests will be handled in one of the following ways: 1) Written information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): W~ ~    DC#: 326252

**DO NOT WRITE BELOW THIS LINE**

P Dorm
**RESPONSE** 213-2207-0120    DATE RECEIVED: _____

RECEIVED
JUL 1 1 2022
BY: _____

A review of your current status is conducted every 90 days. The last review was conducted in May 2022 and your status remained the same. The next review will be in August 2022.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **DENIED**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): J. Davis    Official (Signature): _____    Date: 7-12-22

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)    Incorporated by Reference in Rule 33-103.005, F.A.C.

06E

I.C.t board members were adversely affected by my actions at a previous institution. Maximum and close management have very specific times and guidelines for their reviews and remedies for appeal to a higher authority. By not allowing us to participate in our reviews or giving us a way to appeal the I.C.t's decision we are being denied a proper due process. This leaves HS inmates such as myself open to undue retaliation by leaving us in a limbo status with no knowledge of when we might be let off HS status. HS is supposed to be a temporary housing status, yet inmates are being kept on this status for 2-3 years or more. All we are ever told if we ask when we might get off is "Keep doing what you're doing". I have been d.r. free for over 3 years, and have nothing but above satisfactory behavior on all gain time sheets. They say HS status is not punishment, yet I'm denied privileges that other non D.c. inmates get such as daily phone and Kiosk. I wish to have written Ch33 review regulations with participation and appeal process in place.

7.9.22                          Thank You
                                William K. Wells III
                                W K III
page 2 of 2.                    326252

**FLORIDA DEPARTMENT OF CORRECTIONS**

8/9

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third-Party Grievance Alleging Sexual Abuse

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Wells William F.          326252          Union C.I
Last  First  Middle Initial     DC Number        Institution

| Part A – Inmate Grievance |
|---|

This grievance is a follow up to my informal (see 213-2207-0120) which was responded to by Captain Davis who did not address the issues raised. Since then I have found the lawsuit of Inmate Enoch Hall (see Hall vs Fl. Dept. of Corrections 3:15-CV-824-J-39JRK) In that case Regional Director John Palmer was deposed and stated under oath the following 1. The term Heightened Security is not defined in the rules of DOC. d. That he could not define what the term Heightened Security actually meant. The term Heightened Security is only mentioned once in Ch-33-601.830, and ONLY refers to cell assignments and exercise privileges. Non-contact visits are supposed to be approved by the warden on a 'per' visit basis and not imposed in a perpetuity status. All the restrictions imposed on Heightened security status DO NOT fall under this rule, and therefore violate the US constitution for amendment 8 and 14. It was after the court denied D.O.C's request for a dismissal of the case was inmate Hall taken off Heightened Security status. During these court proceedings Palmer could not explain why Hall was more violent or dangerous than other inmates, all of whom are serving death sentences for violent acts
(p1 of 2) + 2

7-19-22                    [signature] 326252
DATE          SEE ATTACHED RESPONSE     SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:    Ø / X
                                                                    #      Signature

INSTRUCTIONS

7.19.22

Pg 2 of 2

Contact Visitation is the default state
for Death row inmates, therefore, upon
conviction and transfer I should have
been given Contact visits, I ask that n
Contact visitation status be reinstate
due to the misuse of the rules and to
of Heightened security that Violete
U.S constitution. And also due to the
deposition of Regional Director Palmer
the aforementioned case that shows
these restrictions are in violation of
chapter 33.

Thank You

W E W   326252

William E Wells

8/9

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third-Party Grievance Alleging Sexual Abuse

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Wells          William    F          326252          Union C.I.
Last     First    Middle Initial          DC Number          Institution

| Part A – Inmate Grievance |
|---|

This grievance is a follow up to my informal (see 213-2207-0120) which was responded to by Captain Davis who did not address the issues raised. Since then I have found the lawsuit of Inmate Enoch Hall (see Hall vs Fl. Dept. of Corrections 3:15-CV-824-J-39JRK) In that case Regional Director John Palmer was deposed and stated under oath the following 1. The term Heightened Security is not defined in the rules of D.O.C. 2. That he could not define what the term Heightened Security actually meant. The term Heightened Security is only mentioned once in Ch-33-601.830, and ONLY refers to cell assignments and exercise privileges. Non-contact visits are supposed to be approved by the warden on a "per visit" basis and not imposed in a perpetuity status. All the restrictions imposed on Heightened Security status DO NOT fall under this rule, and therefore violate the U.S. constitution for amendment 8 and 14. It was after the court denied D.O.C's request for a dismissal of the case was inmate Hall taken off Heightened Security status. During these court proceedings that Palmer could not explain why Hall was more violent or dangerous then other inmates, all of whom are serving death sentences for violent acts (p1 of 2) +2

7-19-22
DATE

SEE ATTACHED RESPONSE

W/ Wm—326252
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø    /    ✗
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED
JUL 20 2022
BY:_____ (Date)

Receipt for Appeals Being Forwarded to Central Office

Submitted by the Inmate on: _____

Institutional Mailing Log #: 2207-28-121

_____ (Received By)

DISTRIBUTION:

| INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

03C

Contact visitation is the default status for Death row inmates, therefore, upon my conviction and transfer I should have been given contact visits. I ask that my contact visitation status be reinstated due to the misuse of the rules and term of Heightened security that violate the U.S. constitution. And also due to the deposition of Regional Director Felber in the aforementioned case that shows these restrictions are in violation of Chapter 33.

Thank You

_M E W_ 326252
William E Wells

## PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO:

| WELLS, WILLIAM | 326252 | 2207-213-121 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

03 (COMMUNICATIONS)

| 7/20/22 | 2207-213-121 |
|---|---|
| DATE | FORMAL GRIEVANCE LOG NUMBER |

### PART B - RESPONSE

| WELLS, WILLIAM | 326252 | 2207-213-121 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated.

Further investigation reveals the following information:

F.A.C. 33-601.735(2)(3)(a)(c) Non-Contact Visiting, states, "When the Institutional Classification Team (ICT) determines that non-contact visiting is necessary in order to maintain the security and good order of the institution, the ICT shall make a recommendation to the warden who shall approve or disapprove the recommendation. The ICT shall consider the following factors in determining whether to place an inmate in non-contact status: (a) Whether the inmate is a threat to the security of the institution... (c) The inmate's disciplinary history WITHIN THE LAST FIVE YEARS involving drugs, contraband, VIOLENCE, or visiting policy violations." The incident in 2019 (less than 5 years ago) during which you violently attacked another inmate with an icepick-style weapon – and killed him – more than qualifies you for non-contact visitation.

Your non-contact visiting status was properly enacted and approved. It is reviewed by ICT every six months, as required. It was last reviewed on 2/17/22, when ICT determined that your non-contact visitation status should continue. ICT will review that status again in August.

You were placed on heightened security for the same concern. The administration has the responsibility to ensure the safety of the other inmates who are incarcerated in your housing unit. You pled "guilty" to DR 205-191456, in which you were charged with aggravated battery for attacking and killing the other inmate mentioned above. Your violent arrest history, with multiple counts of first-degree murder, is evidence that heightened security is warranted. Two of your victims were inmates (two separate incidents). The Chief of Security reviews your heightened security status on a regular basis.

Therefore, based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal. Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within fifteen (15) days from date of this response.

CLO M.G. Miller

T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7/27/22 DATE |
|---|---|---|

MAILED

JUL 2 8 2022

UCI GRIEVANCE OFFICE

## PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO:

| WELLS, WILLIAM | 326252 | 2208-213-061 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

04 (CONFINEMENT)

| 8/9/22 | 2208-213-061 |
|---|---|
| DATE | FORMAL GRIEVANCE LOG NUMBER |

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

## INMATE REQUEST  8/17

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | William Wells | 326252 | P4105 | — | 7-31-22 |

**REQUEST** Check here if this is an informal grievance ☑

This grievance is in reference to the haphazard un-
professional design of the Heightened Security (HS)
cells P-4102 - 4107. My cell, P4105, was altered from
its original design by a general F.D.O.C maintenance
staff member with no formal mechanical or building
engineering training. This dorm's ventilation system
was designed specifically for open bar cells. My HS
cell has had solid steel plate welded in place over
the existing bars, and a solid plex glass windows
installed, leaving ONLY an opening approximately
3 inches by 24 inches covered in diamond grill mess
5 inches from the ground that faces directly under

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.

Ps 1 of 2

| Inmate (Signature): | W___ W___ | DC#: 326252 |
|---|---|---|

---

P. Ackn

**RESPONSE**                    DO NOT WRITE BELOW THIS LINE

213-2058-42608            **DATE RECEIVED:**

**RECEIVED**
AUG 0 2 2022
BY: _____

All    closed    bar    cells    are    designed    to    allow
the    appropriate    amount    of    air    flow.    Additionally,    all
exhaust    fans    a    working    properly.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____Denied_____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): J. Davis | Official (Signature): _____ | Date: 8-4-22 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Pg 2 of 2
7.31.22

my bunk. By doing this, it has drastically diminished the air flow dynamics through my cell. Being that air flow follows the path of least resistance, most of the air pulled in by the exhaust fans flow through the open bar cells P4101, and 4108-4114. This leaves ALL 6 HS cells with minimal substandard air flow which increases the tempecature in my cell. This issue is exacerbated also by the 2nd floor staff turning off one or more vent fans, C.o's leaving pipe chase doors open and the unprecedented heat wave. ALL cells in the State of Florida that have solid doors (excluding tempecature controlled dorms) have a window or vent built directly into the cell, allowing the exhaust fan to bring in fresh air, AND have a vent in the cell that blows air directly into the cell. This twofold ventilation system allows for the proper air flow through solid door cells, that were designed by trained building engineers who understand air flow dynamics. For contex, look at the designs of ALL F.D.O.C. Butterfly dorms, T-buildings and Florida State Prison. By D.O.C altering the original design of the cell, they have created 6 cells that get hotter than all the other cells in P-Dorm. This is causing an undue suffering, especially during this heat wave on me. This is a blatant violation of my 8th amendment right to be free from ecuel and unusual punishment. I ask to be removed from this cell or have it put into immediate compliance of all other solid door cells. William Wells
Thank You
326252

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

8/29

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Wells | William | E | 326252 | union CI |
|-------|---------|---|--------|----------|
| Last | First | Middle Initial | DC Number | Institution |

| Part A – Inmate Grievance |
|---|

This is a follow up to my informal grievance
(see attached 2 pages) Captein Davis's response
is inadequate. These cells were not designed
for appropriate air flow. Having a small
opening by the floor of about one square
foot does not constitute proper air flow
when the ventilation was designed for open
Bar cells, Even Florida State Prison that
has both open Bars and Solid door
cells has different ventilation systems.
The cell I'm in P4105, along with the other
5 built like it have been grossly altered
from its intended design. This has been
corraborated with a mechanical engineer
with a specialty in air flow dynamics.
I stand on all facts related in my
informal grievance and ask that these
cells be fixed or abandoned immediately

Thank You

| 8/9/22 | | 326252 |
|--------|--|--------|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

| 0 | |
|---|---|
| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

| AUG 0 9 2022 | Receipt for Appeals Being Forwarded to Central Office |
|---|---|
| Submitted by the inmate on: ......(Date)...... | Institutional Mailing Log #: 2208-213-06/ (Received By) |

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

04A

## PART B - RESPONSE

| WELLS, WILLIAM | 326252 | 208-213-061 | UNION C.I. | P4105S |
|---|---|---|---|---|
| **NAME** | **NUMBER** | **FORMAL GRIEVANCE LOG NUMBER** | **CURRENT INMATE LOCATION** | **HOUSING LOCATION** |

Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated.

Further investigation reveals the following information:

The response you received to Informal Grievance 213-2208-0068 was appropriate. Captain Davis advised you that the closed-bar cells in Death Row were designed to allow appropriate amount of airflow and the exhaust fans are working properly. The cells will not be altered.

Therefore, based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within fifteen (15) days from date of this response.

CLO M.G. Miller

T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 8/10/20 DATE |
|---|---|---|

MAILED

AUG 1 0

UCI GRIEVANCE OFFICE

CONFIRMED
WITH AGENCY CLERK
SEP 0 2 2022
Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WELLS, WILLIAM | 326252 | 22-6-25260 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

W. MILLETTE

*W. Millette*                                    8/29/22

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

5/30

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date: |
|---|---|---|---|---|---|
| | William Wells | 326252 | P4105 | — | 5-14-23 |

## REQUEST

Check here if this is an informal grievance ☑

This is a grievance pertaining to an issue of Liberty Interest. Being held on Maximum management for 2 years D.R. free before being sent to death row shows that I didn't misconstrue that it was supposed to be corrective. By reading the lawsuit of inmate Enoch Hall V. John Palmer Case#: 3:15-cv-824-9-39JRK, you will see by the D.O.C's own rules that all privileges are to be reset to regular status. By placing me on heightened security after being released from MM for good behavior, you are punishing me. You are denying me access to contact visits, open rec yard, dayroom, Kiosk, phone and showers. Whereas other

All requests will be handled in one of the following ways: 1) Written Information or, 2) Personal Interview. All informal grievances will be responded to in writing.        Pg. 1 of 2

Inmate (Signature): _____    DC#: 326252

---

## RESPONSE

P-Adm

213-2305-0231

DATE RECEIVED:

RECEIVED
MAY 1 5 2023
BY: _____

Your current status will remain the same; however, your status is reviewed on a routine basis.

[The following pertains to Informal Grievances only:]

Based on the above information, your grievance is **Denied** (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): J. Davis | Official (Signature): | Date: 5-17-23 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

2E

p 2 of 2

death row inmates get 5 days of day-room, I get zero, they get up to 5 showers a week, I get 3. They have visits without hinderance, I am forced to struggle to hear my visitor through a glass partition, over the loud noises of inmates, officers, electronic gates barring etc.

This denial of privilges that all other death row inmates have is a Liberty interes issue that needs to be resolved. The burden and hardship you place on me and my wife falls under cruel and unusual punishment, and the liberty interest comes from a lack of due process. Both of these constitutional issues need to be addressed. I ask to be removed from Heightened Security.

Thank You

William Wells
326252

6/11

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Wells William E.        326252        Union C.I.
Last  First  Middle Initial        DC Number        Institution

Part A – Inmate Grievance

This grievance is a continuance of my denied informal (see attached 213-2305-0231) My placement on Heightened Security (HS) status creates a Liberty Interest issue and is exacerbated by a lack of Due Process. HS is a made up status that is not governed by Chapter 33. As such there are no known rules or objectives for me to meet, or criteria for getting off of HS. HS is being ruled by non-contact visitation rules, which are stricter than those of close and maximum management. On CM/MM inmates are notified of an I.C.T review and allowed to address the I.C.T privately, orally or in writing before a status change is determined. On HS status we are told we are reviewed every 90 days, but we do not get any notice or allowed to participate. We only get a notice every 6 months that we are being continued on non-contact visitation. We are left in limbo for years and at the mercy of secret I.C.T reviews. These hidden reviews open the door for abuse of power and bias. Not being able to have contact visits, participate in dayroom activities, shower 5 times per week, almost daily access to the kiosk puts a hardship on the inmate, their families and creates a Liberty Interest violation. As it is, most inmates have to file a civil lawsuit to get released from HS, with the new dayroom privileges only adds to the Liberty Interest issue. HS is in need of written rules that have a clear path for an inmate to be released from this status. Right now

5-20-23        Pg 1 of 2        W  326252
DATE        SEE ATTACHED RESPONSE        SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

2305-213-122                                Ø /
                                            #    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

MAY 2 2 2023        Receipt for Appeals Being Forwarded to Central Office
Submitted by the inmate on: ___ (Date) ___   Institutional Mailing Log #: ___        ___ (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)           INMATE
                INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

06E

Pg 2 of 2.

HS is applied in a haphazard manner and governed by the capriciousness of the I.C.T members, which is evidenced by Colonel Lindsey's statement to me "You're definitely not getting off". We are told HS is not punishment, that statement makes HS punishment and shows bias of the I.C.T when I ask different members of the administration about HS, I am giving different answers about procedures, the only universal answer from them is "Keep doing what you're doing". This only goes to show the chaotic and arbitrary way HS is overseen and the immediate need for a written policy to be enacted for HS.

Relief sought,

1. Be released from HS status

or

2. Rules with criteria for HS inmates to earn their way off of HS status, be put in place.

Thank You

William Wells    326252

5·20·23

## PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO:

| WELLS, WILLIAM | 326252 | 2305-213-122 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

06 (INSTITUTIONAL OPERATIONS)

| 5/22/23 | 2305-213-122 |
|---|---|
| DATE | FORMAL GRIEVANCE LOG NUMBER |

**PART B - RESPONSE**

| WELLS, WILLIAM | 326252 | 2305-213-122 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated.

Further investigation reveals the following information:

Heightened Security is not a status that is initiated through any action by ICT. It is a status that is initiated by the Chief of Security specifically for security issues. That status was properly initiated in your case and is reviewed every 90 days by the Chief of Security. The Chief of Security requests input from other departments, however the review is a security function, not a function of ICT. If you wish to provide input for those reviews, you may do so at any time by submitting an inmate request to the Chief of Security.

Your non-contact visitation status was initiated by ICT and is reviewed by ICT every six months. If you wish to provide input for those reviews, you can submit an inmate request to classification at any time. Those reviews are not hearings; therefore, the presence of the inmate is not required. F.A.C. 33-601.735 does not require that the inmate be present at those reviews.

Your status on both heightened security and non-contact visitation was properly enacted and is properly reviewed on a regular basis. Those statuses will continue at this time.

Therefore, based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within fifteen (15) days from date of this response.

CLO M.G. Miller                                K. Tomlinson, Assistant Warden

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/5/23 DATE |

MAILED

JUN 0 6 2023

Case 3:24-cv-00532-TJC-PDB    Document 1-1    Filed 05/20/24    Page 30 of 39 PageID 37

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

JUN 16 2023
Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Wells          William          E          326252          Union
Last           First         Middle Initial    DC Number        Institution

---

**Part A – Inmate Grievance**                                   23-6-19040

This grievance is in response to the inadequate
answers I received on my previous grievance at
the institutional level. They inadequately address
the review/due process issue and do not at all
address my issue of Liberty interests. Allowing
other inmates to receive extra privileges while
denying me the same creates an undue burden on
me. I only receive (3) showers and (1) Kiosk
session per week. The other inmates have (5)
showers and UNLIMITED Kiosk sessions while
they have dayroom. I am prevented from taking
part in the sales of movies, games, and music
because of my one Kiosk session. The last of
summer I have to lay in my own sweat for up
to 3 days while the other inmates receive up to
5 showers a week. As to the Heightened Security
and non contact reviews, if you read their response,
you can see the chaotic and contradictory rules.
They tell us we cannot have contact visitation
while on HS. ICT does visitation reviews, chief
of security does HS reviews. So in essence, the
Colonel runs the institution and the warden is
subservient to the colonel. If the ICT run by the
warden cannot over rule security, then the warden
is not needed. HS has no defined rules except

6-11-23                                      [signature] 326252
DATE                                  SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

Ø 1
#                Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

JUN 12 2023

Submitted by the inmate on: _____     Receipt for Appeals Being Forwarded to Central Office
            (Date)                              Institutional Mailing Log #: 131549          [signature]
                                                                                            (Received By)

02P

DISTRIBUTION:     INSTITUTION/FACILITY          CENTRAL OFFICE
                  INMATE (2 Copies)             INMATE                    2305 (213)-122
                  INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                  INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                Incorporated by Reference in Rule 33-103.006, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

5/31

TO:          ☐ Warden              ☐ Classification    ☐ Medical          ☐ Dental   Captain
(Check One)  ☐ Asst. Warden        ☑ Security           ☐ Mental Health    ☐ Other    Davis

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
|       | William Wells | 326252 | P4105 | — | 5.14.23 |

**REQUEST**                                    Check here if this is an informal grievance ☑

This grievance is in reference to the noise in the
main hallway during non-contact visitation. On
Saturdays during visitation the inmate runners make
excessive noise ie buffing floors, talking loudly,
yelling & slamming chow chart doors and garbage
cans. On top of that, the 2 electronic gates at the
control room constantly opening and closing makes
it impossible to hear my wife through the glass. If I
ask the inmates to please keep it down so I can hear
I've been told to "suck their dick" "fuck off" and
"That's your problem". If I raise my voice so my wife
can hear me, the control room say's I'm too loud.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.                    Pg 1 of 2

Inmate (Signature): _____    DC#: 326252

---

Cap. Davis

**RESPONSE**              213-2305-0279           DATE RECEIVED: MAY 1 6 2023

DO NOT WRITE BELOW THIS LINE          RECEIVED

BY: _____

Measures will be taken to keep the noise level
down; however, routine building operations will create noise.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is   Denied   . (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name):  J. Davis       Official (Signature):  _____    Date: 5-17-23

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

2 E

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated ~~~~~~~~ in Rule 33-103.005, F.A.C.

pg 2 of 2.

If my wife leans on the counter to put her mouth near the metal speaker so I can hear, she's told to sit down. My wife spends hundreds of dollars EVERY week and holiday to visit me from Tampa, and a third of our visits are spent dealing with the excess noise. The people in regular visitation do not have to deal with this, which makes this issue a hardship, and seems like another form of punishment for Heightened Security inmates. Please address this issue.

Thank You,
William Wells

326252

Case 3:24-cv-00532-TJC-PDB    Document 1-2 Filed 05/24/24    Page 34 of 39 PageID 51

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name: William Wells | DC Number: 326252 | Quarters: P4105 | Job Assignment: n/a | Date: 12/12/23 |
|---|---|---|---|---|---|

**REQUEST** Check here if this is an informal grievance ☑

This grievance is in response to Union's administration
violating Ch 33-602.222 (3) (a), which states that
"Disciplinary confinement cells shall be physically
separated from other confinement cells wherever
possible, Whenever such location is not possible,
physical barriers shall preclude cross association
of those in DC with those in other housing status"
I have been on Heightened security since I came here
Aug 2, 2021 and this wing has been used and bragged
about to visitors that PS and DC are housed
together on wing to left By U.C.T. Violating this
rule preventing the cross association of DC and

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All
informal grievances will be responded to in writing.                          #1 of 2

Inmate (Signature): _[signature]_                          DC#: 326252

---

## DO NOT WRITE BELOW THIS LINE

**RESPONSE** 213-2312-0238                DATE RECEIVED: RECEIVED DEC 18 2023

DC and Heightened security inmates are not housed in the same
wing. As for as your allegations I find nothing to substantiate it.
Therefore your grievance is denied.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_ (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): Smith, A.L Lt | Official (Signature): _[signature]_ | Date: 12/31/23 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day

DC6-236 (Effective 11/18)                Incorporated by Reference in Rule 33-103.005, F.A.C.

02K

non-confinement inmates over the last 2½ years, I have endured threat of physical harm and of death because I refused to violate D.O.C rules, when HS inmates refuse to pass the phone or cue center to a DC inmate it generally results in the DC hurling threats at the HS inmates. The DC inmates without their property have nothing else to do but yell and talk loudly all night while HS inmates try to sleep. This administration is creating an environment of hostility of DC inmates towards HS. These adverse conditions put an added strain on HS inmates who are not under a status of punishment. The administration shows their disdain of them by housing them with their undesirable DC inmates. These cells themselves are not considered barriers and UCI has other options. Please fix this issue.

Thank You
William E Wells AR 326852

**FLORIDA DEPARTMENT OF CORRECTIONS**

1/16

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

Wells William E          326252          Union
Last   First   Middle Initial      DC Number      Institution

---

**Part A – Inmate Grievance**

This is a follow to my informal grievance(see attached) on the issue of Ch 33-602.222 (3)(a) that prohibits DC and non DC inmates from being housed on the same wing. Lt Smith answered saying that DC and heightened security inmates are not housed on the same wing. At the time of His answer, there were and STILL is 3 DC inmates housed on 1 south 4 left where HS inmates are housed in violation of aforementioned rule. Also, Lt Smith did not interview anyone from this wing about the hostilities towards HS inmate due to HS inmate not sending DC inmate the phone or canteen, yet, he said those allegations were not substantiated. This issue needs to be addressed.

Thank You.

SEE ATTACHED RESPONSE

12/25/23      Pg 1 of 1      376252
DATE                         SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:
2312-213-101          D1      X
                      #    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

DEC 27 2023

Submitted by the inmate on: _____ (Date)      Institutional Mailing Log #: _____      (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)      Incorporated by Reference in Rule 33-103.006, F.A.C.      02K

### PART B - RESPONSE

| WELLS, WILLIAM | 326252 | 2312-213-101 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed and evaluated.

Further investigation reveals the following information:

As you are aware, there is no other housing unit at Union CI where Death Row inmates can be housed. Your entire wing is set up with secure, solid doors which preclude the cross association of any inmate housed there with any other inmate housed there. This complies with the requirements of F.A.C. 33-602.222(3) "Disciplinary confinement cells shall be physically separated from other confinement cells whenever possible. Whenever such location is not possible, PHYSICAL BARRIERS SHALL PRECLUDE THE CROSS ASSOCIATION of those inmates in disciplinary confinement with those inmates in other housing statuses." Your wing is missioned to house either heightened security inmates or inmates on DC status. At the time your wing was reviewed on 12/28/23, there were two inmates housed there who were on DC status but not on heightened security status. There was one inmate who was both heightened security and DC status. None of those inmates were housed next door to you at the time the wing status was reviewed. You are being housed appropriately.

Therefore, based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within fifteen (15) days from date of this response.

CLO M.G. Miller

D. Hughes, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1/4/24 DATE |
|---|---|---|

MAILED

JAN 0 5 2024

**FLORIDA DEPARTMENT OF CORRECTIONS**

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

.aird Party Grievance Alleging Sexual Abuse

☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

...rom or IF Alleging Sexual Abuse, on the behalf of:

| Wells | William | | 326252 | Union |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

Part A – Inmate Grievance    24-6-6/918

This grievance pertains to the administration of UCI trying to circumvent or outright violate ch33 about housing Disciplinary confinement inmates with non-DC inmates. The response from Asst Warden Hughes is not accurate. There are only 2 Highland Security inmates on the wing behind mine, they could be moved over here and that side could be used for DC. An unwillingness to do so does not constitute emergency space status. Also when DC inmates can threaten non DC inmates for not sending them phone or canteen privileges they are not told that IS cross association. NO other institution in Florida does this. And the cell itself IS NOT to be considered as barrier since we have to walk to the shower and go to rec with them, THAT is cross association. This administration sees IS is not punishment, but when we have to deal with the issues of DC inmates, it is punishment and it needs to be addressed.

Thank You!

| 1-12-24 | William Wells 326252 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:    0 / X

# / Signature

**• INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ Institutional Mailing Log #: 132065    Lindsay Greaves

(Date)    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

FEB 0 2 2024

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WELLS, WILLIAM | 326252 | 24-6-02831 | UNION C.I. | P4105S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

A. JOHNS

| | *A. Johns* | 1-29-24 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |